LILLIAN B. JAMES, p. b. a., *vs.* ALBERT TINDALL, d. b. r.

ANIMALS—ACTION FOR TRESPASS—DEFENSE.

It was no defense to an action for the killing of turkeys and chickens that they were on defendant's property destroying grain, since defendant might have impounded them or brought an action for damages.

(<em>October</em> 22, 1913.)

Judges BOYCE and RICE sitting.
*Robert C. White* and *James M. Tunnell* for appellant.
*John M. Richardson* for respondent.
Superior Court, Sussex County, October Term, 1913.

ACTION by Lillian B. James against Albert Tindall of trespass on the case (No. 22, February Term, 1913) to recover damages for the killing of sixteen turkeys and three chickens belonging to the plaintiff.

Plea not guilty. Verdict for the plaintiff.

At the trial a witness was produced by the defendant and testified that he saw the defendant shoot the turkeys, belonging to the plaintiff, which were at the time in a field occupied by the defendant. The question "What was growing in that field?" was then asked the witness. Objection to the question was made by plaintiff's counsel, on the ground of its immateriality, whereupon counsel for the defendant stated that the defendant admitted the killing of the turkeys, but claimed that the killing was justified for the reason that they were on his property destroying grain.

In support of his contention he read the following, from the case of *Harrington v. Hall*, 6 *Penn.* 72, 63 *Atl.* 875: "The defendant justifies the killing of a dog, whosever it was, on the day in question, because, as he claims the dog was at the time of the shooting in the act of killing one of a flock of turkeys then upon his premises. We say to you that if you find under the evidence that the defendant himself, or his son, under the father's directions, did kill the plaintiff's dog under such circumstances, it was justifiable and the plaintiff would not be entitled to recover."

RICE, J.:—We think in this case, under the circumstances as stated by plaintiff's counsel, the matter covering which inquiry is made is immaterial.

We do not question the soundness of the law as stated in the case cited, where the killing was necessary to protect animal life, the property of the defendant, but in the present case we think it was neither necessary nor justifiable to kill the turkeys in the protection of grain. The defendant might have impounded the turkeys or brought an action for damages to his property, if any, caused by the fowls.

We therefore sustain the objection.

Thereupon counsel in the case conferred, and stated that judgment should be entered in favor of the plaintiff for an agreed amount.

Verdict for the plaintiff.